IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIE D. WEBB,             )
                       )
       Plaintiff,        )
                       )
    v.               )     CIVIL ACT. NO. 3:12cv506-CSC
                       )           (WO)
CAROLYN W. COLVIN,     )
Acting Commissioner of Social Security,   )
                       )
       Defendant.     )

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act,  42 U.S.C. § 401 *et seq*. and for supplemental security income benefits under

Title XVI of the Social Security Act,  42 U.S.C. § 1381 *et seq*., alleging that she was unable

to work because of a disability.  Her application was denied at the initial administrative level.

The plaintiff then requested and received a hearing before an Administrative Law Judge

("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council

rejected a subsequent request for review.  The ALJ's decision consequently became the final

decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*,

792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant

to 42 U.S.C. §§ 405 (g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(c), the parties have

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

consented to entry of final judgment by the United States Magistrate Judge.  Based on the

court's review of the record in this case and the briefs of the parties, the court concludes that

the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

[3]  *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).
The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).  The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction.**  Willie D. Webb was 46 years old on the date of alleged onset of

---

cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

disability and 48 years old at the time of the hearing before the ALJ.  (R. 47, 49).  She has at least a high school education.  (R. 36, 47).  Webb's prior work experience includes work as a cashier, hand packager, sewing machine operator and assistant manager.  (R. 36).  Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of "status post shoulder surgeries, brain tumor, anemia and migraines." (R. 27).  The ALJ concluded that the plaintiff was unable to perform her past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, he also concluded that there were a significant number of jobs in the national economy that the plaintiff could perform.  (R. 36-37).  Thus,  the ALJ concluded that Webb was not disabled because she has the residual functional capacity to perform sedentary work with restrictions.

   **B.  The Plaintiff's Claim.**  As stated by the plaintiff, her claim is that "[t]he ALJ's residual functional capacity (RFC) findings are not based on substantial evidence."  (Doc. # 14 at 4).  The plaintiff argues that "there is no valid medical source opinion" in the record, and the ALJ improperly relied on a residual functional capacity assessment completed by a non-examining state agency reviewing physician.

## IV.  Discussion

   A disability claimant bears the initial burden of demonstrating an inability to return to her past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1)

objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).

After stating the issue, the plaintiff then argues that the ALJ made three discrete errors. First, she complains that "there is no valid medical source opinion statement contained in the medical evidence of record." (Doc. # 14 at 9). Next, she asserts that the ALJ failed to include her headaches in his RFC. (*Id*.) Finally, she faults the ALJ for relying on a non-examining state agency physician to determine her RFC. (*Id*.). The ALJ concluded that the plaintiff has the residual functional capacity

> to perform less than the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a). Sedentary work is defined in 20 C.F.R. § 404.1567(a) as work that involves lifting no more than 10 pounds at a time and occasional lifting or carrying up to 20 pounds. A sedentary job usually involves mostly sitting, but may involve a certain amount of walking and standing, usually 2 hours out of 8 hours. Additionally, there should be no overhead reaching, no pushing and

> pulling with upper extremities, no climbing of ladders, stairs or balancing.
> Occasional climbing of ramps and stairs, balancing, kneeling, crouching,
> crawling, and stooping.  The work should not have exposure to extreme heat
> or extreme cold and no exposure to unprotected heights.

(R. at 28).

An ALJ is required to independently assess a claimant's residual functional capacity ("RFC") "based upon all of the relevant evidence." 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) ("Responsibility for assessing residual functional capacity at the administrative law judge hearing ... level.  If your case is at the administrative law judge hearing level ..., the administrative law judge ... is responsible for assessing your residual functional capacity.")  *See also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments.").  "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)."  *Peeler v. Astrue,* 400 Fed. Appx. 492, 494 n.2 (11th Cir. 2010).

The plaintiff argues, in essence, that the record must contain a residual functional capacity determination by an examining or treating physician.  However, the plaintiff's argument conflates the nature of residual functional capacity with the responsibility for making the residual functional capacity determination.  The Commissioner's regulations

clearly show who is responsible for making the residual functional capacity determination when a case has reached the administrative law judge hearing.

> If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity.

20 CFR § 404.1546.

But that observation does not end the enquiry. The essential question raised by the plaintiff is whether it is necessary to have a residual functional capacity assessment by a medical provider as part of the evidence which an ALJ must consider in reaching a determination. In this case, the answer is no. The ALJ stated that he

> considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and SSRs 96-4p[4] and 96-7p.[5] The undersigned has also considered opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.[6]

(R. at 28)

Although Webb also complains that the only RFC in the record was completed by a

---

[4]   This Ruling clarifies the policy of the Social Security Administration on the evaluation of symptoms in the adjudication of claims for disability benefits under title II and title XVI of the Social Security Act.

[5]   This Ruling clarifies when the evaluation of symptoms, including pain, requires a finding about the credibility of an individual and explains the factors to be considered in assessing the credibility of the individual's statements about symptoms.

[6]   Generally, these Rulings describe how the Commissioner evaluates and uses medical source opinions.

non-examining state agency physician, the ALJ considered the opinion of the State Agency

physician, giving it great weight and noting that his opinion was "based upon the medical

evidence."  (R. 35)  However, the ALJ also considered and gave great weight to the

> claimant's doctors and their assessments found in their treatment records
> including those from Dr. Goldhagen, Dr. Holcombe, Dr. Davis, Dr. Law, Dr.
> Michna, Dr. Champion and Dr. Hamo, and hospital physicians, as their
> opinions are based upon their own examinations and treatment and are
> generally consistent with each other and with the evidence as a whole."

(R. at 35)  *See Edwards v. Sullivan,* 937 F.2d 580, 584-85 (11th Cir.1991) (ALJ did not err

in relying on the opinion of a nonexamining physician where the physician's opinion was

consistent with the opinions of examining physicians).

Webb has cited no evidence from the record to contradict the ALJ's RFC

determination, and, as the ALJ noted, the opinions of Webb's own treating physicians are

consistent with the opinion of the non-examining state agency physician.  An ALJ is entitled

to rely on the opinion of a non-examining reviewing physician whose opinion is supported

by the record.  *See Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("The opinions of

non-examining, reviewing physicians, . . . *when contrary to those of examining physicians*,

are entitled to little weight in a disability case, and *standing alone* do not constitute

substantial evidence." (emphasis added.)).  *See also Villa v. Sullivan*, 895 F.2d 1019, 1024

(5th Cir.1990) (holding that an ALJ may rely on the assessment of a non-examining doctor

whose opinion is based on careful evaluation of the medical evidence, is not the sole medical

evidence upon which the ALJ relies, and is supported by or does not contradict the opinion

of the examining doctor).  In this case, the ALJ did not abandon his task of assessing Webb's residual functional capacity to the non-examining state agency physician, but, as required by 20 C.F.R. § 404.1546(c), the ALJ independently assessed Webb's residual functional capacity based on all of the evidence in the record.  *See Lewis, supra*.  It is further clear from the context of the ALJ's opinion, and from the record as a whole, that the ALJ relied on the non-examining state agency physician's RFC assessment *only insofar as it coincided* with the medical records of the plaintiff's own treating physicians as supported by the medical records.  The ALJ reviewed and considered all the medical evidence in the record in determining Webb's RFC.  The court has independently considered the record as a whole and finds that the record provides substantial support for the ALJ's conclusions.  Consequently, the court concludes there was sufficient medical evidence before the ALJ from which he properly could made a residual functional capacity assessment.

To the extent that Webb asserts that the ALJ's RFC determination is flawed because it does not include the severity of her headaches, she is entitled to no relief.  It is undisputed that Webb suffers from headaches.[7]  However, the medical records do not demonstrate that the headaches are as severe as alleged.[8]  For example, Webb asserts that the headaches affect

---

[7] The medical records demonstrate that Webb has been diagnosed with a brain lesion.  On April 10, 2003, a MRI revealed a brain lesion.  (R. 299).  However, an October 30, 2008, MRI indicated "only very mild enhancement," with a minimal increase in size.  (R. 481, 548).  No doctor has determined that this brain lesion is disabling.

[8] It is unclear from her brief whether the plaintiff is arguing that the ALJ should have accepted her testimony about her headaches and associated symptoms.  What is clear, however, is that the plaintiff does not challenge the ALJ's credibility findings.  Moreover, the ALJ had good cause to discount her testimony. This court must accept the factual findings of the Commissioner if they are supported by substantial evidence

her vision.  (Doc. # 14 at 9).  However, in 2003, she denied any visual problems including blurred vision.  (R. 315-16).  On January 19, 2009, three days after the alleged onset date, Webb complained of headaches but denied dizziness, double vision or other vision problems. (R. 396-97).  On March 3, 2009, Webb completed a medical history in which she noted headaches but did not indicate any difficulties with her vision.  (R. 635-36).  On June 21, 2010, Webb again denied blurred vision or vision loss.  (R. 661).  Finally, on August 27, 2010, Webb was diagnosed with dry eyes but her vision was 20/20.  (R. 676).

Lastly, Webb attempts to improperly shift to the Commissioner the burden of establishing the evidentiary basis from which her residual functional capacity may be determined.  In the fourth step of the sequential analysis, the ALJ determines the claimant's RFC and her ability to return to her past relevant work.  *Phillips*, 357 F.3d at 1238.  While the ALJ has the responsibility to make a determination of plaintiff's RFC, it is plaintiff who bears the burden of proving her RFC, i.e., she must establish through evidence that her impairments result in functional limitations and that she was "disabled" under the Social Security Act. See 20 C.F.R. § 404.1512 (instructing claimant that the ALJ will consider "only impairment(s) you say you have or about which we receive evidence" and "[y]ou must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled").  *See also Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001) (it is claimant's burden to prove RFC, and ALJ's responsibility

---

and based upon the proper legal standards. *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

to determine RFC based on medical records, observations of treating physicians and others, and claimant's description of limitations).  The ALJ was not required to secure a medical source opinion about Webb's residual functional capacity.

In support of her position, Webb relies on a case from another district for the proposition that the Commissioner's fifth-step burden must be supported by a residual functional capacity assessment of a physician.  *See* Doc. 14 at 10 (an ALJ cannot rely on the opinion of a non-examining physician as evidence of the claimant's RFC but "must be supported by the residual functional capacity assessment of a treating physician or examining physician." citing *Coleman v. Barnhart*, 264 F.Supp.2d 1007, 1010 (S.D. Ala. 2003)).

But *Coleman* is most assuredly not the last word on this issue.  In *Packer v. Astrue*, ___ F.3d ___, 2013 WL 593497 (S.D. Ala. Feb. 14, 2013), Chief Judge Granade rejected the absolutism of *Coleman*, noting that "numerous court had upheld ALJ's RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician."  *Id.* at *3.  Like those other courts, this court rejects *Coleman's* seemingly mandatory requirement that the Commissioner's fifth-step burden must be supported by an RFC assessment of a physician.[9]  The ALJ had before him sufficient medical evidence from which he could carry out his responsibility to make a reasoned determination of Webb's residual functional capacity.  Thus, he was not required to secure from a medical source a

---

[9]  The court notes with dismay that the plaintiff failed to cite for the court the many cases which disagree with *Coleman v. Barnhart*, 264 F.Supp.2d 1007, 1010 (S.D. Ala. 2003).  Counsel is reminded of his obligation of candor to the court.

residual functional capacity assessment.

## V. Conclusion

For the foregoing reasons, the court concludes that the decision of the Commissioner is due to be affirmed.  A separate final judgment will be entered.

Done this 11th day of June, 2013.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE